UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JEREMY KRANT, TODD DEATON, THOMAS NASH, SHANA VACHHANI and KIMBERLY MILLER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITEDLEX CORP.,<br><br>Defendant. | Case No. 23-2443-DDC-TJJ |

### MEMORANDUM AND ORDER

This matter comes before the court on a motion under Fed. R. Civ. P. 23(e) by Settlement Class Representatives Adam Behrendt, Allison Glusky, Jeremy Krant, Todd Deaton, Thomas Nash, Shana Vachhani, and Kimberly Miller,[1] individually and on behalf of all others similarly situated. The motion asks the court to enter an order preliminarily approving the settlement of this Action against Defendant UnitedLex Corp (ULX). The parties also have submitted their Settlement Agreement dated June 21, 2024, which, together with its attached exhibits, sets forth

---

[1] The court notes that the named plaintiffs in this action differ from the class representatives identified in the motion. Courts often "use the phrase 'class representatives' interchangeably with the phrase 'named plaintiffs'" but "the two are not necessarily the same." 2 William B. Rubenstein, *Newberg and Rubenstein on Class Actions* § 6:30 (6th ed. 2024). Named plaintiffs "are those plaintiffs identified individually in the complaint, on whose behalf the case is brought absent class certification[.]" *Id.* Here, that's plaintiffs Krant, Deaton, Nash, Vachhani, and Miller. Class representatives, on the other hand, "are those plaintiffs whom class counsel proposes, and a court appoints, to represent the class." *Id.* Here, plaintiffs propose seven individuals to serve as class representatives: the five named plaintiffs plus Adam Behrendt and Allison Glusky. Doc. 22 at 1. Plaintiffs assert that Mr. Behrendt and Ms. Glusky each filed a putative class action lawsuit in state court, defendant removed those actions to federal court and then transferred those actions here. *Id.* at 10–11. And Mr. Behrendt and Ms. Glusky voluntarily have dismissed those suits and counsel now has nominated them to serve as class representatives here. In sum, while in "many cases . . . the class representatives proposed by class counsel and approved by the court will be precisely (and only) those plaintiffs named in the complaint," that's not the case here.

the terms and conditions for a proposed settlement of the Action against ULX and for dismissal of the Action against ULX.

The court has read and evaluated the plaintiffs' Motion for Preliminary Approval of the Settlement (Doc. 21), its supporting Memorandum (Doc. 22), the Settlement Agreement (Doc. 21-1), and all attached exhibits.  The court, as explained below, grants the motion, preliminarily approves the settlement, preliminarily certifies the Settlement Class for settlement purposes only, and grants related relief.

The court begins with the legal standard for preliminary approval of the Settlement Agreement under Rule 23(e).  Rule 23(e) permits the parties to settle the claims of a certified class action, but "only with the court's approval."  And the court may approve a settlement only upon finding that it is "fair, reasonable, and adequate[.]"  Fed. R. Civ. P. 23(e)(2).  The Tenth Circuit has identified four factors that a district court must consider when assessing whether a proposed settlement is "fair, reasonable, and adequate:"

(1) whether the proposed settlement was fairly and honestly negotiated;

(2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;

(3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and

(4) the judgment of the parties that the settlement is fair and reasonable.

*Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002).  The settlement approval process typically transpires in two phases.

*First*, the court considers whether preliminary approval of the settlement is appropriate. 4 William B. Rubenstein, *Newberg and Rubenstein on Class Actions* § 13:10 (6th ed. 2024); *Freebird, Inc. v. Merit Energy Co.*, No. 10-1154-KHV, 2012 WL 6085135, at *4 (D. Kan. Dec.

6, 2012). "If the Court grants preliminary approval, it directs notice to class members and sets a hearing at which it will make a final determination on the fairness of the class settlement." *In re Motor Fuel Temperature Sales Pracs. Litig.*, 286 F.R.D. 488, 492 (D. Kan. 2012); *see also Newberg and Rubenstein on Class Actions* § 13:10 ("[T]he court's primary objective [at the preliminary approval stage] is to establish whether to direct notice of the proposed settlement to the class, invite the class's reaction, and schedule a final fairness hearing.").

*Second*, "taking account of all of the information learned during [the preliminary approval] process, the court decides whether or not to give 'final approval' to the settlement." *Newberg and Rubenstein on Class Actions* § 13:10.  This Memorandum and Order considers just the first step of the analysis.

Because preliminary approval is just the first step of the approval process, courts apply a "less stringent" standard than they apply at the final approval stage. *Freebird*, 2012 WL 6085135, at *5.  "[D]istrict courts [have] developed a jurisprudence whereby they under[take] some review of the settlement at preliminary approval, but perhaps just enough to ensure that sending notice to the class [is] not a complete waste of time." *Newberg and Rubenstein on Class Actions* § 13:10.  "The general rule [is] that a court [will] grant preliminary approval where the proposed settlement [is] neither illegal nor collusive and is within the range of possible approval." *Id.* (internal quotation marks and citation omitted).  "While the Court will consider [the Tenth Circuit's] factors in depth at the final approval hearing, they are a useful guide at the preliminary approval stage as well." *In re Motor Fuel Temperature Sales Pracs. Litig.*, 286 F.R.D. at 502–03.

Applying this governing legal standard, the court grants the Motion for Preliminary Approval of Settlement (Doc. 21), as follows:

**IT IS HEREBY ORDERED:**

1. This court has subject matter jurisdiction over this action and personal jurisdiction over plaintiffs, the members of the proposed Settlement Class, and ULX.[2]

2. The court hereby certifies a Settlement Class (the "Class") under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), for settlement purposes only, defined as "the 7,588 individuals identified on the Settlement Class List, which includes all U.S. residents whose PII was compromised as a result of the Data Breach."

3. Excluded from the Settlement Class is ULX, its representatives and any judicial officer presiding over this matter, members of their immediate family, and members of their judicial staff.

4. The court appoints Norman E. Siegel and J. Austin Moore of Stueve Siegel Hanson LLP, Bryce Bell of Bell Law, LLC, Tyler W. Hudson of Wagstaff & Cartmell, LLP,

---

[2]  The court notes that this is a data breach class action, which often present special Article III standing questions. As avid footnote readers will know, the named plaintiffs here differ from the persons proposed to serve as class representatives. *See above* n.1. In their brief, plaintiffs assert that all five *named plaintiffs* have suffered identity theft or fraud because of the data breach. So, the court agrees with plaintiffs. These five plaintiffs have suffered an injury in fact, sufficient to confer Article III standing. But what about the two additional proposed class representatives, Mr. Behrendt and Ms. Glusky?

The court concludes it doesn't need to know about Mr. Behrendt and Ms. Glusky's injuries because plaintiffs have alleged that each named plaintiff has suffered an injury. The court must proceed with caution, given the Supreme Court's directive in *TransUnion LLC v. Ramirez* that "[e]very class member must have Article III standing in order to recover individual damages." 594 U.S. 413, 431 (2021). Plaintiffs argue that courts "have recognized that even in cases where not *every* victim has suffered identity theft or fraud, the fact that *some* victims have experienced such harm supports the notion that other victims face an imminent risk of experiencing similar harm." Doc. 22 at 19. And plaintiffs cite persuasive authority from the Eleventh, Third, and Second Circuits as support for this proposition. *Id.* at 19–20 (collecting cases). The court thus concludes that the named plaintiffs' allegations of harm support standing for Mr. Behrendt and Ms. Glusky—and other class members—because these other victims face an imminent risk of harm. Misuse of the named plaintiffs' data "establishes both a present injury" for them "and a substantial risk of future injury" for the rest of the class, including Mr. Behrendt and Ms. Glusky. *Green-Cooper v. Brinker Int'l, Inc.*, 73 F.4th 883, 889–90 (11th Cir. 2023).

Manuel S. Hiraldo of Hiraldo P.A., and Rachel Dapeer of Dapeer Law, P.A. as Interim Class Counsel pursuant to Rule 23(g)(3).

5. The court finds that it likely can approve the proposed Settlement because all the relevant factors weigh in favor of approving the proposed Settlement between plaintiffs and ULX. Accordingly, the court preliminarily approves the Settlement between plaintiffs and ULX as fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing, as described below.

6. The court preliminarily finds that the proposed Settlement should be approved as (i) the result of arm's-length negotiations under the guidance of the Hon. Diane Welsh (Ret.); (ii) having greater value to the Class than the possibility of relief after protracted litigation, especially given the complex, risky, and unsettled nature of data breach litigation; (iii) fair and reasonable in the judgment of the Settling Parties; (iv) falling within the range of reasonableness warranting preliminary approval; (v) having no obvious deficiencies; and (vi) warranting notice of the proposed Settlement to members of the Class and further consideration of the Settlement at the Final Approval Hearing, as described below.

7. Also, for the reasons set forth in plaintiffs' supporting papers, the court finds that it likely can certify the Class for purposes of entering judgment. *See* Fed. R. Civ. P. 23.

8. The court finds that the proposed form of notice and the proposed methods of disseminating notice constitute the best notice to the Class Members practicable under the circumstances; are reasonably calculated, under the circumstances, to describe the terms of the Settlement and to apprise Class Members of their right to object; and satisfy Fed. R. Civ. P. 23(e), the principles of due process, and are otherwise fair and reasonable.

9. The court therefore approves the proposed Notice, which is attached as Exhibit 1 to the Settlement Agreement—with one modification.  The Notice submitted to the court appears to include a typographical error with potential consequences.  The Notice provides, "A class action settlement has been reached in a lawsuit against UnitedLex Corp. ("ULX"), arising out of a March 2024 data breach[.]" Doc. 21-1 at 42.  But plaintiffs allege in their Complaint that the data breach occurred in March 2023.  Doc. 1 at 2 (Compl. ¶ 2).  And, based on all the documents the court has reviewed, March 2023 likely is the correct date.  So, the court notifies plaintiffs about its concern and directs plaintiffs either to:  (a) correct this error before disseminating the Notice to the class; or (b) file an amended motion before disseminating the Notice to explain this discrepancy.

10. The court appoints KCC Class Action Services, LLC ("Settlement Administrator") to supervise and administer the notice procedure and to process claims.

11. Not later than 14 days after entry of this Order, ULX shall provide the Settlement Class List to the Settlement Administrator.

12. Not later than 21 days after entry of this Order, the Settlement Administrator shall issue notice of the settlement via U.S. Mail and e-mail.  And the Settlement Administrator shall post such Notice and Claim Form, along with documents filed in connection with the Settlement, on the case-specific website.

13. The Notices shall list 90 days after Notice Deadline as the deadline to postmark or electronically submit Claim Forms.  And the Notices shall indicate 40 days after Notice Deadline as the deadline for Class Members to opt out of the Class and/or file an objection to the Settlement, and/or Class Counsel's requests for awards for litigation costs and expenses, attorneys' fees, and class representative service awards.  Class Counsel shall have until 14 days

before the Final Approval Hearing to respond to any objections to the Settlement or requests for awards for litigation costs and expenses, attorneys' fees, and class representative service awards.

14.     Class Counsel shall file with the final approval motion proof of implementation of the Notice program.

15.     Class Members who wish to participate in the Settlement shall complete and submit Claim Forms in accordance with the instructions.  Any Class Member who submits a Claim Form shall cooperate reasonably with the Settlement Administrator, including by promptly responding to any inquiry made by the Settlement Administrator.  To the extent the Settlement Administrator determines a claim for Out-of-Pocket Costs or Attested Time is deficient in whole or part, within a reasonable time of making such a determination, the Settlement Administrator shall notify the Settlement Class Member of the deficiencies and give the Settlement Class Member 21 days to cure the deficiencies.  If the Settlement Class Member attempts to cure the deficiencies but, at the sole discretion and authority of the Settlement Administrator, fails to do so, the Settlement Administrator shall notify the Settlement Class Member of that determination within 10 days of the determination.  The Settlement Administrator's determination about the validity of a claim shall be final.  Any Class Member who does not timely submit a Claim Form by the deadline provided shall be barred from sharing in the distribution of the proceeds of the Settlement, but shall nonetheless be bound by the Settlement Agreement, the Judgment, and the releases, unless they opt out of the Class by the deadline provided or otherwise ordered by the court.  Notwithstanding the foregoing, the Settlement Administrator, in its and Class Counsel's discretion, may accept late-submitted claims, and information to cure deficiencies, for processing so long as the acceptance doesn't delay materially distribution of the Settlement Fund to Class Members.

16. The court will hold the Final Approval Hearing on Tuesday, December 10, 2024, at 1:00 P.M. CST in the United States District Court for the District of Kansas, 500 State Avenue, Kansas City, Kansas 66101, Courtroom 476.  At the Final Approval Hearing, the court will consider:  (i) whether the proposed Settlement is fair, reasonable, and adequate; (ii) the amount of attorneys' fees, costs, and expenses that the court should award to Class Counsel; (iii) the amount of any service award to plaintiffs; (iv) any objections by members of the Class; and (v) whether to grant final approval to the proposed Settlement.

17. Any Class Member may enter an appearance in the Action, at the Class Member's own expense.  If a Class Member doesn't enter an appearance, then Class Counsel will continue to represent that Class Member.

18. Any Class Member may appear at the Final Approval Hearing and demonstrate why the court should or should not:  (i) approve the proposed Settlement as fair, reasonable, and adequate, (ii) enter a judgment, (iii) award attorneys' fees, costs, and expenses to Class Counsel, or (iv) award to settlement class representatives an amount of service awards.  But no Class Member or any other person or entity shall be heard or entitled to contest such matters, unless that person or entity has filed and served on Class Counsel their objections by the deadline provided.

19. Any objections must include:  (i) the name of the proceedings; (ii) the Class Member's full name, current mailing address, and telephone number; (iii) a statement of the specific grounds for the objection, as well as any documents supporting the objection; (iv) a statement explaining whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (v) the identity of any attorneys representing the objector; (vi) a statement regarding whether the Class Member (or the Class Member's attorney) intends to

appear at the Final Approval Hearing; and (vii) the signature of the Class Member or the Class Member's attorney.  The court is unlikely to consider a Class Member's objection if the Class Member has failed to comply with the above requirements.  The court shall deem any Class Member who does assert the Class Member's objection in the manner required to have waived such objection and that Class Member shall forever be foreclosed from making any objection, unless otherwise ordered by the court.  Class Members don't need to appear at the Final Approval Hearing or take any action to indicate their approval.

20. The court may adjourn the date of the Final Approval Hearing without further notice to the members of the Class.  The court may approve the Settlement, with such modifications as the Settling Parties may agree, if appropriate, without further notice to the Class.

21. Neither this Order, the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by ULX of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.  Nor shall any such matter constitute, be construed as, or be deemed to be evidence of or an admission by plaintiffs that there is an absence of merit in any of their allegations or claims against ULX.

22. If the Settlement Agreement set forth here is not approved or consummated for any reason whatsoever, the Settlement Agreement and all proceedings in connection with it shall be without prejudice to the rights of the Settling Parties as set forth in the Settlement Agreement; plaintiffs and ULX will revert to their positions *ex ante* without prejudice to their claims and defenses; and the litigation of their claims will resume in a reasonable manner as approved by the court.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Plaintiffs' Unopposed Motion for Certification of a Settlement Class and for Preliminary Approval of Proposed Class Action Settlement (Doc. 21) is granted, consistent with this Memorandum and Order. The court enters the following deadlines:

| | |
|---|---|
| Defendant provides CAFA notice required by 28 U.S.C. § 1715(b) | Within 10 days after the filing of Plaintiffs' Motion for Preliminary Approval |
| Deadline for ULX to Provide Settlement Class List to KCC | 14 days after entry of Preliminary Approval Order |
| Notice Deadline | 21 days after entry of Preliminary Approval Order |
| Motion for Attorneys' Fees and Expenses and Service Awards | 21 days prior to Objection and Opt-Out/Exclusion Deadline |
| Opt-Out/Exclusion Deadline | 40 days after Notice Deadline |
| Objection Deadline | 40 days after Notice Deadline |
| Claims Deadline | 90 days after Notice Deadline |
| Final Approval Brief and Response to Objections Due | At least 14 days prior to Final Approval Hearing |
| Final Approval Hearing | Tuesday, December 10, 2024, at 1:00 P.M. CST |

**IT IS SO ORDERED.**

**Dated this 23rd day of July, 2024, at Kansas City, Kansas.**

        **s/ Daniel D. Crabtree**
        **Daniel D. Crabtree**
        **United States District Judge**