UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JEREMY KRANT, TODD DEATON, THOMAS NASH, SHANA VACHHANI and KIMBERLY MILLER, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> UNITEDLEX CORP., <br><br> Defendant. | Case No. 2:23-cv-02443 |

**SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT AND <u>AWARD OF ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS</u>**

On December 10, 2024, this Court held a final approval hearing regarding the proposed settlement. Before the hearing, the Court notified the parties of a question concerning the treatment of travel expenses included in Class Counsel's request for reimbursement of costs and expenses, totaling $8,099.71 (Doc. 25-1 at 5). The Court highlighted the Tenth Circuit's recent decision in *United States v. $114,700.00 in United States Currency*, No. 20-1387, 2023 WL 142257, at *5 (10th Cir. Jan. 10, 2023), which held that travel expenses sought under 28 U.S.C. § 1920 should be categorized as attorneys' fees, not costs. The Court requested proposals from the parties regarding how reimbursement of travel expenses should be treated in light of this decision.

At the hearing, Plaintiffs' counsel explained their position that the Court's holding in *United States Currency* was limited to travel expenses sought under 28 U.S.C. § 1920, a statute governing taxable costs. They argued that these types of costs are distinct from travel expenses sought pursuant to the Parties' settlement agreement and reimbursable under the common fund

1

doctrine. With the Court's permission, Plaintiffs respectfully submit this supplemental brief to further elaborate on this distinction.

In *United States Currency*, the plaintiff challenged the seizure of $114,700 under the Civil Asset Forfeiture Reform Act of 2000 (CAFRA). After partially prevailing at trial, the plaintiff sought attorneys' fees and costs under CAFRA, which allows a prevailing plaintiff to recover "attorney fees and other litigation costs reasonably incurred" from the defendant. 28 U.S.C. § 2465(b)(1)(A). The Tenth Circuit noted that "[s]ection 1920 catalogues taxable costs such as fees for clerks, marshals, transcripts, printing, witnesses, copies; certain docket fees; and compensation for certain court appointed experts." *United States Currency*, 2023 WL 142257, at *5 (citing *Rimini St., Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 877 (2019) (holding that "full" did not expand the meaning of "costs" beyond § 1920's cabined list)). Key to the ultimate holding was the Circuit's reading that "[t]his list is exhaustive to cost awards unless a statute explicitly provides for more." *United States Currency*, 2023 WL 142257, at *5.[1]

Under this backdrop, the district court "excluded $9,511.62 of expenses for falling outside § 1920's cost definition." *Id*., at *6. While the Tenth Circuit upheld the reduction in costs, it also found that the district court erred in classifying certain travel expenses as taxable costs, as they were not enumerated in the statute. *See United States Currency*, 2023 WL 142257, at *5. Citing Tenth Circuit precedent, the court held that those expenses should have been treated as attorneys' fees rather than taxable costs. *Id*. (citing *Bee v. Greaves*, 910 F.2d 686, 690 (10th Cir. 1990)).

---

[1] Additionally, the court noted that "Section 2465(b)(2)(D) [of CAFRA] also requires courts to 'reduce the award of costs' '[i]f the court enters judgment in part for the claimant and in part for the [g]overnment.'" *United States Currency*, 2023 WL 142257, at *5. "Lastly, Rule 54(d)(1) of the Federal Rule of Civil Procedure gives courts discretion to award the government partial costs unless the specific cost-shifting statute 'provides otherwise.'" *Id*. (quoting *Marx v. Gen. Revenue Corp*., 568 U.S. 371, 377 (2013)).

The federal rules distinguish between two types of costs: taxable costs and nontaxable costs. *See* 5 Newberg and Rubenstein on Class Actions ("*Newberg*") § 16:5 (6th ed.) at 1.[2] Taxable costs, as outlined in 28 U.S.C. § 1920, are narrowly defined by statute and subject to streamlined recovery procedures under Federal Rule of Civil Procedure 54(d)(1). *Id*. In contrast, Rule 23(h) governs recovery of *nontaxable* costs in class actions and references Rule 54(d)(2), which addresses nontaxable expenses. *Id*.; *see also* Fed. R. Civ. P. 23(h)(1) ("In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement. . . . A claim for an award must be made by motion under Rule 54(d)(2)").

Although Rule 23(h)(1) refers to "nontaxable costs" and Rule 54(d)(2) refers to "nontaxable expenses," the terms are "interchangeable." *Newberg* § 16:5 at 1; *see also In re Optical Disk Drive Prods. Antitrust Litig*., 959 F.3d 922, 936 n.13 (9th Cir. 2020) (citing *Newberg* and noting that "the terms 'nontaxable costs' and 'nontaxable expenses,' as used in Rule 23(h)(1) and Rule 54(d)(2), are interchangeable"); *Fessler v. Porcelana Corona de Mexico, S.A. de C.V*., 2022 WL 2056189, at *2 (E.D. Tex. June 7, 2022) (explaining that the "difference in terminology [between Rule 23(h)(1) and Rule 54(d)(2)] . . . is negligible, as an award for nontaxable items is intended in either circumstance to cover the out-of-pocket expenses of litigation that would normally be charged to a fee-paying client") (internal marks omitted).

"Although both rules reference nontaxable costs, neither is an independent source of authority for the award of such costs: Rule 23 explicitly states that 'the court may award reasonable attorney's fees and nontaxable costs *that are authorized by law or by the parties' agreement*," while the Advisory Committee that drafted Rule 54 similarly noted that the rule's procedures for the

---

[2] Given its relevant discussion of the issue presented, Plaintiffs submit a copy of *Newberg* § 16:5 "Nontaxable costs—Definition of nontaxable costs" as Exhibit A.

recovery of nontaxable expenses apply when such expenses are 'recoverable under governing law incident to the award of fees.'" *Newberg* § 16:5 at 1 (emphasis in original). "As neither rule authorizes recovery of nontaxable costs, neither defines the term either." *Id*.

In this case, Plaintiffs did not seek recovery of taxable costs permitted by statute. Rather, the authority permitting recovery of travel expenses as nontaxable costs and expenses is the common fund doctrine. "The common fund doctrine is rooted in the traditional practice of courts of equity and derives from the equitable power of the courts under the doctrines of *quantum meruit*, *Central R.R. & Banking Co. v. Pettus*, 113 U.S. 116, 128 (1885), and unjust enrichment, *Trustees v. Greenough*, 105 U.S. 527, 532 (1881)." *Haggart v. Woodley*, 809 F.3d 1336, 1352 (Fed. Cir. 2016). As the Tenth Circuit has noted:

> The common fund doctrine was first recognized by the Supreme Court in *Trustees v. Greenough*, 105 U.S. 527, 26 L.Ed. 1157 (1881), and most recently discussed in *Boeing Co. v. Van Gemert*, 444 U.S. 472, 100 S.Ct. 745, 62 L.Ed.2d 676 (1980). Essentially, the doctrine holds that "a litigant or lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing*, 444 U.S. at 478, 100 S.Ct. at 749. It is most appropriate when (1) the class of persons benefitted by the lawsuit is small and easily identifiable, (2) the benefits can be traced with some accuracy, and (3) the costs of the litigation can be shifted accurately to those who profit by it. This is an equitable doctrine, and is usually justified on the ground that it prevents unjust enrichment of the non-litigants, who have taken a free ride on the trailblazer's efforts. Jurisdiction over the fund enables a court to prevent such inequity by assessing fees out of the entire fund, spreading the burden proportionately among those benefitted.

*In re Miniscribe Corp.*, 309 F.3d 1234, 1241 (10th Cir. 2002) (citing *Matter of Fesco Plastics Corp.*, 996 F.2d 152, 157 (7th Cir. 1993)).

In addition to an award of attorneys' fees, "it is well settled that counsel who have created a common fund for the benefit of a class are [also] entitled to be awarded for out-of-pocket costs reasonably incurred in creating the fund." *Nat'l Veterans Legal Servs. Program v. United States*, 724 F. Supp. 3d 1, 23 (D.D.C. 2024) (quotations omitted). Indeed, "the authority of courts to award

4

reasonable attorneys' fees and expenses pursuant to the common fund doctrine and the related common benefit doctrine has long been recognized." *In re Syngenta AG Mir162 Corn Litig.*, 2018 WL 7254709, at *19 (D. Kan. Nov. 21, 2018) (collecting cases), *report and recommendation adopted as modified sub nom. In re Syngenta AG MIR 162 Corn Litig.*, 2018 WL 6839380 (D. Kan. Dec. 31, 2018).

In determining appropriate costs and expenses under the common fund doctrine, courts apply the "reasonable expenses normally charged to a fee-paying client" standard that has been utilized by courts in other cost-allocating contexts. *See Newberg* § 16:5 at 2 (collecting cases); *see also Nat'l Veterans Legal Servs. Program*, 724 F. Supp. 3d at 23 (characterizing "nontaxable costs" under Rule 23(h) as the 'reasonable expenses normally charged to a fee paying client.'") (citing *Newberg* § 16:5). "Four types of costs are uniformly recognized as nontaxable costs across the circuits:

- photocopying expenses;
- telephone and facsimile charges;
- postage, messenger, and express mail service charges; and
- travel costs, including meals and transportation incidental to travel."

*Newberg* § 16:5 at 2; *see also id.*, fn. 21 (collecting cases across circuits).

These categories reflect what private clients regularly agree to pay their attorneys. *See Voulgaris v. Array Biopharma Inc.*, 2021 WL 6331178, at *14 (D. Colo. Dec. 3, 2021) (in common fund settlements, courts regularly award litigation costs and expenses for things like

5

"photocopying, printing, postage, court costs, research on online databases, experts and consultants, and reasonable travel expenses"), *aff'd*, 60 F.4th 1259 (10th Cir. 2023).[3]

It, therefore, makes sense that an attorney can recover them as expenses from the common fund that the attorney created for the benefit of the class members. Otherwise, the class is unjustly enriched at the expense of the attorneys' efforts. This District has followed the same approach in awarding litigation expenses. For example, in *In re Syngenta*, Judge Lungstrum approved reimbursement of "travel expenses (airfare, hotel, meals, cash outlays, car rental, mileage) and other expenses (telephone charges, shipping, postage, fax and photocopy, computer research)" from the common fund as such expenses aligned with the court's common benefit order, which limited recovery to categories of costs and expenses typically billed to fee-paying clients. *In re Syngenta AG Mir162 Corn Litig.*, 2018 WL 6839380, at *15.

In this case, Plaintiffs' counsel created a non-reversionary common fund for the benefit of the Class and are entitled to reasonable reimbursement of nontaxable costs and expenses pursuant to the parties' agreement and the common fund doctrine. *See In re Syngenta AG MIR 162 Corn Litig.*, 61 F.4th 1126, 1141 (10th Cir. 2023) (noting that district court concluded it had "authority to award attorney fees and expenses from the settlement fund pursuant to Rule 23(h)" where "the settlement agreement expressly contemplated an award of attorney fees and expenses to counsel

---

[3] Relatedly, the Tenth Circuit has distinguished statutory-fee shifting standards from those fee-shifting standards applied in the context of a common fund. *In re Syngenta AG MIR 162 Corn Litig.*, 61 F.4th at 1191 (holding lodestar method of awarding attorney's fees in statutory-fee shifting cases is not required in the common fund context because the common fund doctrine "is based on substantially different underlying purposes" than statutory-fee shifting jurisprudence). In the common fund context, the award of both fees and reimbursable expenses is deducted from the attorneys' clients' recovery and is intended to avoid unjust enrichment by those who benefitted from the attorneys' labor and expenditure of expenses that contributed to the creation of the fund through the litigation. *See In re Miniscribe Corp.*, 309 F.3d at 1241. In the statutory-fee shifting context, the award of fees, and in some cases taxable costs, is shifted to the losing party and is intended to further the purpose behind the statute.

who performed work for the benefit of the settlement class members" and "[a]ttorneys' fees were also authorized under the common fund doctrine.") (cleaned up). The $8,099.71 in travel expenses sought were incurred mediating this case in Philadelphia, Pennsylvania, under the guidance of Hon. Diane Welsh, one of the nation's most experienced data breach mediators. These expenses are precisely the type of expenses charged to fee-paying clients and are therefore recoverable under the common fund doctrine.

In sum, the strict limitations on *taxable* costs that may be appropriately shifted to the losing party under § 1920, as reaffirmed in *United States Currency*, do not apply to *nontaxable* costs and expenses awarded under the common fund doctrine and ultimately paid by the clients who benefit from the settlement. Unlike § 1920, which provides an exhaustive list of cost awards, the common fund doctrine permits recovery of a broader range of litigation costs and expenses typically borne by fee-paying clients. This Court should therefore distinguish between the statutory limitations on taxable costs and the equitable principles underpinning common fund reimbursements. To hold otherwise would conflate two distinct legal frameworks, creating a sea change in the law by improperly blending the statutory authority governing recovery of taxable costs with the equitable principles supporting recovery of nontaxable costs and expenses under the common fund doctrine.

Plaintiffs' counsel's travel expenses, incurred as part of the mediation that resulted in the non-reversionary settlement fund, are the type of reasonable, necessary, and customary expenses billed to a fee-paying client that warrant reimbursement as nontaxable costs or expenses under the common fund doctrine. Accordingly, this Court should approve their recovery as part of the settlement without any recharacterization.

Dated: December 17, 2024	Respectfully submitted,

/s/ *J. Austin Moore*
Norman E. Siegel (D. Kan. No. 70354)
J. Austin Moore (D. Kan. No. 78557)
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel: 816-714-7100
Fax: 816-714-7101
siegel@stuevesiegel.com
moore@stuevesiegel.com

Bryce B. Bell  KS # 20866
**BELL LAW, LLC**
2600 Grand Blvd., Suite 580
Kansas City, Missouri 64108
Tel: 816-886-8206
Bryce@BellLawKC.com

Tyler W. Hudson       KS#20293
**WAGSTAFF & CARTMELL**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Tel: 816-701-1100
Fax: 816-531-2372
thudson@wcllp.com

Manuel S. Hiraldo (*pro hac vice*)
**HIRALDO P.A.**
401 E. Las Olas Blvd., Ste. 1400
Fort Lauderdale, FL 33301
Tel: 954-400-4713
mhiraldo@hiraldolaw.com

Rachel Dapeer (*pro hac vice*)
**DAPEER LAW P.A.**
20900 NE 30th Avenue, Suite 417
Aventura, FL 33180
Tel: 954-799-5914
rachel@dapeer.com

*Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2024, a true and correct copy of the foregoing document was filed electronically through the Court's CM/ECF system, and therefore, will be transmitted to all counsel of record by operation of the Court's CM/ECF system.

By:   /s/ *J. Austin Moore*
　　　*Counsel for Plaintiffs and the Class*